Tsisana MIKIA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–77188.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.[*]

Filed Nov. 5, 2008.

Susan E. Hill, Esquire, Hill Pibe & Villegas, Los Angeles, CA, Tsisana Mikia, North Hollywood, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM [**]

Tsisana Mikia, a citizen of Georgia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings alleging ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the denial of a motion to reopen, *Reyes v. Ashcroft,* 358 F.3d 592, 595 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mikia's third motion to reopen as time- and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). Mikia waited at least eighteen months between hiring prior counsel, Dmitry Paniotto, and filing the motion, and did not demonstrate that she acted with due diligence in discovering the alleged ineffective assistance. *See Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003) (limitation period tolled until petitioner meets with new counsel to discuss case and learns of former counsel's ineffective assistance).

We lack jurisdiction to consider Mikia's contention that Paniotto also provided ineffective assistance because Mikia has not presented the claim to the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (generally requiring exhaustion of ineffective assistance of counsel claims before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.